UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RYAN EMMETT MALONE, | ) |
| Plaintiff, | ) No. 3:14-cv-01072 |
| | ) Chief Judge Haynes |
| v. | ) |
| JACKIE MATHENEY, *et al.*, | ) |
| Defendants. | ) |

MEMORANDUM

Plaintiff, Ryan Emmett Malone, an inmate at the Turney Center Industrial Complex in Clifton, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 (Docket No. 1) against the Defendants: Jackie Matheney, Eddie Knowels, Anita Youngblood, and Harold Kerrsley in their official and individual capacities, as employees of Warren County, Tennessee, where Plaintiff was incarcerated at the Warren County Jail.

According to his complaint, Plaintiff's claims are based upon a number of incidents that allegedly occurred while the Plaintiff was incarcerated at the Warren County Jail in McMinnville, Tennessee, between September and December of 2012. (Docket Entry No. 1 at 5 and Attachments). Plaintiff signed his complaint on April 24, 2014.

Under the Prison Litigation Reform Act (PLRA), this Court must conduct an initial screening of a prisoner's *pro se* complaint against a governmental entity or official. The Court must dismiss the complaint *sua sponte* before service on any defendant if the complaint asserts claims that are frivolous or malicious, to state a claim on which relief may be granted, or seeks damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A.

The Court must construe a *pro se* plaintiff's complaint liberally, *Boag v. McDougall*, 454

U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The statute of limitations for a Section 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claims arises." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). The limitations period for Section 1983 actions arising in Tennessee is the one-year limitations provisions found in Tennessee Code Annotated § 28-3-104(a). *Porter v. Brown*, 289 Fed. Appx. 114, 116 (6th Cir. 2008).

Here, Plaintiff's claims arise from events that occurred as late as December, 2012. Because the Plaintiff's complaint was filed over a year after the alleged unlawful incidents described in the complaint, the Court concludes that Plaintiff's claims are barred by the governing statute of limitations.

Accordingly, the Plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. Absent an actionable claim, the Court must dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate Order is filed herewith.

ENTERED this the ___15th___ day of May, 2014

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court