UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RYAN EMMETT MALONE, ) | |
| ) | |
| Plaintiff, ) | No. 3:14-cv-01072 |
| ) | Chief Judge Haynes |
| v. ) | |
| ) | |
| JACKIE MATHENEY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

The Court has received a letter from Plaintiff Ryan Emmett Malone dated June 2, 2014 (Docket No. 9), that the Court construes as a motion to reconsider the Court's May 15, 2014 Orders granting Plaintiff's *pro se* application to proceed *in forma pauperis*. (Docket Nos. 3 and 4). In its second Order of May 15, 2014, the Court established an installment payment plan for the three hundred and fifty dollar ($350.00) civil filing fee as required by 28 U.S.C. § 1914. Plaintiff will pay the civil filing fee over a period of time by monthly withdrawals from his inmate trust fund account, pursuant to 28 U.S.C. §§ 1915(b)(1)&(2). (Docket No. 5 at 1).

Plaintiff now asks the Court to waive the monthly twenty percent (20%) withdrawals from the Plaintiff's inmate trust fund account under the installment payment plan. (Docket No. 9). Prisoners are required to pay the full filing fee for their federal actions under 28 U.S.C. § 1915(b)(1). The statute clearly sets forth that prisoners are responsible for these fees and describes the schedule by which payments are to be made. *Id.* As one court has explained, "While Plaintiff complains about the hardship of being left with only $10.00 in his account, that is the floor expressly set by Congress." *Jones v. White*, No. 10-15156, 2014 WL 238169, at *2 (E.D. Mich. Jan. 22, 2014).

1

"When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs." *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131 (6th Cir. 1997). "By filing the complaint, the prisoner waives any objection to the fee assessment by the district court." *Id.* at 1132. The prisoner also "waives any objection to the withdrawal of funds from the trust fund account by prison officials to pay the prisoner's court fees and costs." *Id.* There is no exemption to the statutory requirement that an indigent prisoners pay the filing fee over time. *White v. Paskiewicz*, 89 Fed. App'x 582, 584 (6th Cir. 2004).

Accordingly, the Plaintiff's motion to reconsider the Court's establishment of the installment payment plan for the filing fee (Docket No. 9) is hereby **DENIED**.

It is so **ORDERED**.

Entered this the ___1st___ day of ___July___, 2014.

William J. Haynes, Jr.
Chief United States District Judge